IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| -vs- | ) | Criminal No. 18-167 |
| | ) | |
| LEONARD WYGANT, | ) | |
| Defendant | ) | |

AMBROSE, Senior District Judge.

## **MEMORANDUM ORDER**

The Defendant was indicted for conspiracy to distribute and possess with intent to distribute quantities of heroin and cocaine; possession with intent to distribute quantities of heroin and cocaine; and possession of a firearm in furtherance of a drug trafficking crime. The Defendant moved to suppress all evidence gathered during the search of a residence at 3603 Woodland Street, McKeesport, Pennsylvania, 15132. *See* ECF Docket No. 81.[1] The evidence was gathered during the execution of four separate search warrants which were signed by Magistrate Judge Lenihan at 3:00 p.m. on May 21, 2018 and which were commanded to be executed on that same day. In fact, agents executed the warrants on the residence at 6:00 a.m. on the following day, May 22, 2018. Defendant contends that the execution of the warrant on the day following the

---

[1] The Defendant urges that, as a regular overnight guest at the residence subject to the search warrant, he has standing to seek suppression of the evidence. *See* ECF Docket No. 81, p. 2. The Government does not dispute that the Defendant had a reasonable expectation of privacy in the residence and that, as such, has standing to assert the pending motion. As an overnight guest, I agree that the Defendant had a subjective expectation of privacy which was objectively reasonable. *See Minnesota v. Olson*, 495 U.S. 91, 95-97, 110 S. Ct. 1684, 109 L.Ed.2d 85 (1990).

1

date set forth on the face of the warrant constitutes a clear violation of the Fourth Amendment.

"The Fourth Amendment does not specify that search warrants contain expiration dates. While the amendment requires an '[o]ath or affirmation … particularly describing *the place* to be searched, and *the persons or things* to be seized,' it contains no requirements about *when* the search or seizure is to occur or the *duration*." *U.S. v. Gerber*, 994 F.2d 1556, 1559 (11th Cir. 1993), *citing, U.S. Const. amend. IV* (emphasis in original). *See also, United States v. Syphers*, 426 F.3d 461, 469 (1st Cir. 2005) (stating that, the Fourth Amendment "contains no requirement about when the search or seizure is to occur or its duration.") Yet "an "[u]nreasonable delay in the execution of a warrant that results in the lapse of probable cause will invalidate the warrant." *United States v. Marin-Buitrago*, 734 F.2d 889, 894 (2d Cir. 1984). *See also, Sgro v. United States*, 287 U.S. 206, 210, 53 S. Ct. 138, 77 L.Ed. 260 (1932).

Pursuant to Federal Rule of Criminal Procedure 41(e)(2)(A)(i), "the warrant must command the officer to execute the warrant within a specified time no longer than 14 days." Fed. R. Crim. Pro. 41(e)(2)(A)(i). However, violations of Rule 41 do not necessarily rise to the level of a constitutional violation. See *Gerber*, 994 F.2d at 1560. (stating that "[f]ederal courts that have addressed the precise issue presented in this case have concluded that completing a search shortly after the expiration of a search warrant does not rise to the level of a constitutional violation and cannot be the basis for suppressing evidence seized so long as probable cause continues to exist, and the government does not act in bad faith."). Thus:

> Courts have declined to order suppression of evidence seized pursuant to belatedly-executed warrants where probable cause still existed at the time of the

> execution and the police did not deliberately disregard the terms of the warrant. E.g., *United States v. Sims*, 428 F.3d at 955 (one-day delay in executing search warrant does not justify suppression because warrant was executed within the period prescribed by Rule 41, probable cause to search still existed and police did not intentionally disregard warrant's terms; "[because] non-prejudicial and unintentional violations of Rule 41 do not result in suppression, then *a fortiori* technical violations of the warrant itself compel the same result"); *United States v. Gerber*, 994 F.2d at 1561 n. 4 (denying suppression where search was conducted three days after the warrant's expiration; "inadvertent, technical violation of Rule 41 should not preclude key incriminating evidence for which a valid warrant based on abundant probable cause was obtained"); *United States v. Huslage*, 480 F. Supp. 870, 875 (W.D. Pa. 1979) (denying suppression where warrant expired at 5:00 a.m., police conducted second search at 10:00 a.m. and probable cause to search still existed).

*U.S. v. Ahmad*, Civ. No. 11-6130, 2012 WL 1944615, at * 8 (W.D. N.Y. May 29, 2012), adopted, 2012 WL 3028302 (W.D. N.Y. July 24, 2012) (finding that probable cause to seize items had not lapsed, despite the fact that the warrant was executed four days after it expired and twelve days after it was issued and consequently that no Fourth Amendment violation had occurred).[2]

Here, Magistrate Judge Lenihan determined that probable cause existed for the issuance of the search warrants. Probable cause did not extinguish at 11:59 p.m. on May 21, 2018 – the command date on the warrant. Indeed, the Defendant does not even argue as much. Further, there is no indication that the terms of the warrant were deliberately disregarded. Special Agent Piccini, who submitted the affidavit in support of the search warrants at issue, testified that he believed and intended that the search warrants would be executed on May 22, 2018. The Government also proffered the

---

[2] I do not find the Defendant's citation to *Jones v. Kirchner*, 835 F.3d 74 (D.C. Cir. 2016), cert. denied, 137 S. Ct. 1343 (2017) to be persuasive. In *Jones*, the court addressed the dismissal of a § 1983 action and *Bivens* claim which sought redress, in part, for a 4:45 a.m. execution of a warrant which expressly stated that the search was not to occur before 6:00 a.m. The court was assessing whether qualified immunity was available to the officers executing the warrant, an issue not before me.

3

testimony of a legal assistant, who prepared the search warrants, that the insertion of the May 21, 2018 date was an error.[3] Additionally, Magistrate Judge Lenihan testified that although she does not recall the specifics of this particular case, she would not have intended that a search warrant be executed on the same day it was signed, particularly given that it was not signed until mid-afternoon. Judge Lenihan explained that, in her experience, it is very rare to search a residence other than in the early morning. Given this testimony, I find credible Special Agent Piccini's testimony that he believed he was complying with the dictates of the warrants when he executed them on May 22, 2018.

Thus, I find that the delay in execution by mere hours, and in any case well within the 14 days set forth in Federal Rule 41, does not rise to the level of a violation of Rule 41 or the Fourth Amendment. Consequently, the Motion to Suppress is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] The Government urges that the insertion of the May 21st date was a typographical error. Yet I do not have an affidavit to that effect nor was any evidence included during the evidentiary hearing supporting this assertion. Although I have no reason to doubt that the date was a mere typographical error, given the Defendant's apparent refusal to concede the point, I rely instead upon the case law holding that searches conducted pursuant to expired warrants do not give rise to a constitutional violation where probable cause still exists.