IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| -vs- | ) | Criminal No. 18-167 |
| | ) | |
| LEONARD WYGANT, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELEASE ON BOND PENDING SENTENCING

### I. Introduction

Presently before the Court is the Defendant Leonard Wygant's Motion for Release on Bond Pending Sentencing. (ECF No. 154) He requests to be released from the Allegheny County Jail ("ACJ") pending sentencing due to the COVID-19 pandemic. Pursuant to this Court's direction, the Government, the United States Probation Office, and counsel for the Defendant conferred regarding the Motion and filed a Joint Status Report on April 7, 2020. (ECF No. 156) As indicated in the Status Report, both the Government and the Probation Office oppose release. Because the parties could not reach a resolution regarding the Motion, the Government filed a Response. (ECF No. 158) For the following reasons, the Defendant's Motion is DENIED.

### II. Background

On June 19, 2018, a federal grand jury returned a five-count indictment charging the Defendant and a co-defendant with various drugs and firearms offenses. Specifically, he was charged at four counts with: Conspiracy to Distribute and to Possess with Intent to

1

Distribute Quantities of Heroin and Cocaine, in violation of 21 U.S.C. § 846 (Count One); Possession with Intent to Distribute Quantities of Heroin and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four); and, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five).

On July 24, 2018, the Defendant waived his right to a detention hearing and he was detained pursuant to the Government's Motion. (ECF Nos. 36, 37) On August 28, 2018, the Court ordered the Probation Office to prepare a Preplea Investigation Report in order to determine the Defendant's criminal history score and any Chapter Four enhancements. The Government then filed an information to establish a prior conviction pursuant to 21 U.S.C. § 851. (ECF No. 128)

On October 2, 2019, pursuant to a plea agreement, the Defendant pleaded guilty to Counts One and Two of the Indictment. He did not challenge the order of detention at that time. He is scheduled to be sentenced on May 7, 2020.

On April 2, 2020, the Defendant filed a Motion for Release on Bond Pending Sentencing. (ECF No. 154) The Defendant's motion is predicated on the current COVID-19 pandemic.

**III.     Analysis**

The Defendant makes a vague reference to the Fourth, Fifth, Eighth and Fourteenth Amendments as a basis for his Motion. (ECF No. 154, paragraph 18). Because he does not develop any constitutional arguments, I decline to consider a constitutional basis for granting release. Rather, I consider the motion under 18 U.S.C. § 1343(a)(2) which

provides that detention is mandated pending imposition or execution of sentence unless the judicial officer finds: (1) a substantial likelihood that a motion for acquittal or new trial will be granted, or government counsel recommends that no sentence of imprisonment be imposed; and (2) by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. I find that the Defendant is not entitled to relief under 3143(a)(2) because he has pled guilty to crimes of violence, because the Government has not recommended that no sentence of imprisonment be imposed, and because, as set forth below, clear and convincing evidence demonstrates that the Defendant poses a danger to the community.

I turn next to a consideration of relief under 18 U.S.C. § 3145(c). In *United States v. Porter*, 2020 WL 1061512, at * 2 (W.D. Pa. Mar. 5, 2020), the court concluded that:

> Under § 1345(c), a person subject to detention pursuant to § 3143(a)(2), and who meets the conditions of release set forth in § 3143(a)(1), "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such a person's detention would not be appropriate."

*citing*, 18 U.S.C. § 3145(c). The court held "that it has the discretionary authority to apply 18 U.S.C. § 3145(c) and determine whether exceptional reasons exist to release Defendant from custody pending sentencing." *Porter*, 2020 WL 1061512, at * 3.

Thus, I will *sua sponte* consider whether the Defendant's particularized situation, in light of the COVID-19 pandemic, presents an "exceptional" reason. "Exceptional requires something 'out of the ordinary' to distinguish the defendant's case from those of [other defendants] subject to mandatory detention." *Id., quoting, United States v. Smith*, 34 F. Supp.3d 541, 553 (W.D. Pa. 2014) (defining "exceptional" as something "clearly out of the ordinary, uncommon, or rare.").

3

After careful consideration, I find that the Defendant has failed to meet his burden to establish that exceptional reasons warrant his release from custody pending his sentencing. First, the Defendant has pled guilty to extremely serious charges. Further, as part of the plea agreement, the Defendant forfeited a Springfield XDM 9mm pistol with a magazine containing ammunition; a Springfield XDS .45 caliber pistol with a magazine containing ammunition; additional ammunition and two Airsoft vests. Additionally, the Defendant has a lengthy criminal history which dates back to his teenage years. Further, he faces a sentence of 30 years of incarceration at each count. *See* 21 U.S.C. § 846, § 841(b)(1)(C) and 21 U.S.C. §§ 841(b)(1)(C), 851. The Probation Office calculated an advisory guideline imprisonment range of 27 to 33 months in its Presentence Investigation Report. (ECF No. 149) Significantly, the Defendant committed the offenses at issue while on supervised release. He faces an advisory guideline imprisonment range of 18 to 24 months when he is sentenced on that violation as well. *See* Criminal Action No. 19-09. In sum, the Defendant's conduct in this case and his criminal history make clear that he poses a danger to the safety of the community.

Even if the Defendant could establish that he meets the conditions of release set forth in § 3142(a)(1), he has not discharged his burden of showing by clear and convincing evidence that exceptional reasons exist to warrant his release pending sentencing. *See Smith*, 34 F. Supp.3d at 553 ("The burden is on the Defendant to show by clear and convincing evidence why her detention would not be appropriate based on exceptional reasons.") The Court recognizes the potential for exposure to COVID-19 at the ACJ. Indeed, the Court is aware that the ACJ announced that an inmate tested

positive for COVID-19.[1] The Court is sympathetic to the Defendant's concerns about COVID-19. Yet the Defendant does not claim that he falls into a high-risk category or that he otherwise faces a heightened risk if exposed to COVID-19. He does not explain how his situation is different than any other individual detained at the ACJ. His concerns are too generalized to be considered "exceptional" for these purposes. Indeed, the Defendant has not explained how his situation differs from that of any other inmate at the ACJ. This runs contrary to the very notion of an "exceptional" situation. As a colleague recently noted:

> There is no question that as a broad, societal matter, the appearance of the COVID-19 virus and its overall impact on all facets of daily living is an "exceptional" event in the lifetime of our Nation and our communities, including those in custody. But in light of the matters set out above, at this moment, the Court finds and concludes that there are currently no exceptional reasons to support the release of the Defendant from detention pending trial pursuant to 18 U.S.C. § 3145(c).

*United States v. Bell*, No. 17-328-7, Opinion dated April 8, 2020 (J. Hornak). I agree with Chief Judge Hornak that, as exceptional as the appearance of COVID-19 might be at this moment, there are currently no exceptional reasons to support the release of the Defendant from detention pending trial pursuant to 18 U.S.C. § 3145(c). Consequently, the Motion is denied.

Date: April 10, 2020

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[1] The Court is also cognizant of the ACJ's steps to prevent the spread of the virus. See
https://www.alleghenycounty.us/jail/index/aspx